————o————

5526.

(Court of Appeal, Parish of Orleans.)

## MRS. ANNIE WINTER vs. MRS. EDWARD BURKE ET AL.

1. No call in warranty is permissible in a purely possessory action.
2. When the prayer of the petition is ambiguous, the allegations contained in the pleadings may be considered in determining the character of the action.

Appeal from the Civil District Court, Division "C."

Richardson and Denechaud, for plaintiff and appellant.

Geo. J. Untereiner, for defendant and appellee.

GODCHAUX, J.—In this action involving real estate,

the defendants called their vendors in warranty and the plaintiff thereupon moved to strike out and dismiss the call in warranty on the ground that the action was possessory. The motion was denied and the plaintiff appeals.

It is admitted that a call in warranty is not permissible in a possessory action and the matter presented on this appeal is simply whether plaintiff's suit is possessory or petitory.

The Court is of the opinion that the lower Court, in concluding that the action was petitory, gave too great effect to the wording of the prayer and failed to interpret it in the light of the pleadings as a whole. Considered alone, the prayer, which is somewhat ambiguous, is open to an interpretation that would stamp the action as petitory, but when read in the light of the allegation in plaintiff's pleadings, it is evident that the proceeding was intended as a purely possessory action. Moreover the motion to strike out the call in warranty confines the action to one of possession and would forever debar plaintiff from claiming that the matter of title was involved.

The prayer being ambiguous it should have been interpreted in the light of the pleadings; and so interpreted the Court is of the opinion that this action is possessory and that the rule to strike out the call in warranty should have been maintained.

Accordingly the judgment is reversed, and, the action being purely possessory, it is now ordered that plaintiff's motion to strike out the call in warranty be maintained and made absolute at the cost of appellees in both Courts.

Reversed.